UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>George Wilson</u>

    v.                              Civil No. 13-cv-129-JD

<u>Port City Air, Inc., et al.</u>


O R D E R

George Wilson brought suit against his former employer, Port City Air, Inc.; its chief executive officer, Ned Denney; its president, Robert Jesurum, and another employee.  The complaint alleges discrimination and retaliation claims under RSA 354-A, wrongful discharge under New Hampshire common law, and unlawful employment practices in violation of 42 U.S.C. § 2000e, et seq., ("Title VII").  Jesurum and Denney move to dismiss the claims against them.  Wilson objects.


<u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a claim because it fails "to state a claim upon which relief may be granted."  "To survive a motion to dismiss for failure to state a claim, a complaint . . . 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  <u>Gianfrancesco v. Town of Wrentham</u>, 712 F.3d 634, --- (1st Cir. 2013) (quoting

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (additional internal quotation marks omitted).  The court "separate[s] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief."  Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotation marks omitted).

## Discussion

Wilson alleges claims under RSA 354-A against Jesurum and Denney in Counts XII through XIX.  Jesurum and Denney move to dismiss those claims on the grounds that RSA 354-A does not provide individual liability for employment claims, because neither Jesurum nor Denney were named as respondents in the administrative proceeding, and because the claims are time-barred.  In response, Wilson argues that RSA 354-A does authorize claims against individuals and that he followed the required administrative procedures.

A.  Individual Liability Under RSA 354-A:7

RSA 354-A prohibits discriminatory practices in employment, housing, and public accommodation.  RSA 354-A:7; 354-A:10; 354-A:17.  Unlawful discriminatory practices include aiding and

abetting another to commit an unlawful discriminatory practice. RSA 354-A:2, XV(d).  In addition, RSA 354-A:19 prohibits retaliation by employers and persons providing housing and public accommodations against anyone who opposes unlawful practices, files a complaint, or assists with a proceeding under RSA 354-A.

Wilson alleges that he was discriminated against because of his race.  RSA 354-A:7 prohibits discriminatory practices, based on race, by _employers_, but does not prohibit discrimination by employees who are not employers.  In Counts XV and XIX, Wilson alleges that Jesurum and Denney discriminated against him in the terms and conditions of his employment because of his race. Wilson mentions in his objection that RSA 354-A:11 also provides grounds for his hostile work environment claim.[1]

Port City Air was Wilson's employer, and Jesurum and Denney are employees of Port City Air.  Because Jesurum and Denney are

---

[1] RSA 354-A:11 provides: "It shall be an unlawful discriminatory act to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account o having aided or encouraged any other person in the exercise or enjoyment of, any right ranted or protected by this chapter."
    RSA 354-A:11 is part of the subdivision of RSA 354-A that pertains to housing.  Given its context, it is far from clear that RSA 354-A:11 applies to RSA 354-A:7,I.  Even if it were construed to apply, Wilson has not shown that RSA 354-A:11 would support individual liability in the employment context.

fellow employees, not Wilson's employer, they are not liable for discriminatory practices in employment under RSA 354-A:7,I.[2]

Despite the plain language of RSA 354-A:7,I, Wilson argues that the provisions in RSA 354-A for aiding and abetting and retaliation provide grounds for individual liability for employment discrimination.

1. Aiding and Abetting

In Counts XII and XVI, Wilson alleges that Jesurum and Denney aided and abetted racial discrimination by creating a hostile work environment for Wilson.  RSA 354-A:2, XV(d) includes aiding and abetting in discrimination as an unlawful discriminatory practice.  The New Hampshire Supreme Court has not addressed individual liability under RSA 354-A:2, XV(d) in the employment context.

As is noted above, only employers are liable for unlawful discriminatory employment practices under 354-A.  RSA 354-A:7,I.  Therefore, only employers are liable for the unlawful employment practice of aiding and abetting discrimination as provided by RSA 354-A:2, XV(d).  See Tuxford v. Vitts Networks, Inc., 2002 WL

---

[2]To the extent Wilson argues that Jesurum and Denney should be deemed to be his employer, he has not demonstrated that to be the case.  See Bates v. Private Jet Comm. Group, Inc., 2013 WL 865849, at *1 (D.N.H. Mar. 7, 2013).

31689346, at *3-*4 (D.N.H. Nov. 18, 2002) (discussing RSA 354-A:2, XV(d) in show cause order).  As explained above, because Jesurum and Denney were not Wilson's employer, they cannot be liable for aiding and abetting in employment discrimination under RSA 354-A.

   2.   Retaliation

   In Counts XIII, XIV, XVII, and XVIII, Wilson alleges that Jesurum and Denney retaliated against him because he complained of racial discrimination and filed a charge with the New Hampshire Commission on Human Rights and the Equal Employment Opportunity Commission.  RSA 354-A:19 makes it an unlawful discriminatory practice under RSA 354-A to retaliate for opposing discriminatory practices and for filing a complaint.  The New Hampshire Supreme Court also has not addressed the issue of whether RSA 354-A:19 provides individual liability for employment claims.

   This court has determined that RSA 354-A:19 does not provide individual liability in the employment context.  Jones v. McFarland Ford Sales, Inc., 2005 WL 3447954, at *1-*2 (D.N.H. Dec. 15, 2005).  The reasoning in Rowe v. Thibeault Corp., 2007 WL 3236169 (N.H. Super. July 31, 2007), does not compel a different conclusion here.

Because Jesurum and Denney were not Wilson's employer, neither is liable for discrimination, retaliation, or aiding and abetting under RSA 354-A.

B.  Administrative Proceedings

A plaintiff may bring a claim under RSA 354-A as long as "certain preconditions are met." Munroe v. Compaq Computer Corp., 229 F. Supp. 2d 52, 67 (D.N.H. 2002) (citing RSA 354-A:21-a). RSA 354-A:21-a,I requires that the plaintiff first make a timely filing of the complaint with the New Hampshire Commission on Human Rights. If the administrative procedures are met, the court may award damages or other relief to the same extent as the Commission. RSA 354-A:21-a,I.

"New Hampshire's statutory scheme, like those adopted by other states, and like its federal counterpart--Tile VII, requires a complainant to name all potentially liable parties in his or her original administrative charge of discrimination." Tuxford v. Vitts Networks, Inc., 2003 WL 118242, at *2 (D.N.H. Jan. 13, 2003). Failure to do so precludes a claim under RSA 354-A in court. Id. at *4.

Wilson did not charge Jesurum or Denney in his complaint filed with the Commission although both were discussed in the particulars of the complaint, along with other employees. In

fact, the form provided by the Commission does not provide space to name individuals charged with discrimination who are not an employer, labor organization, employment agency, apprenticeship committee, or agency. While Wilson argues that Jesurum and Denney were on notice of his claims against them based on the allegations in his complaint, the court is not persuaded that merely mentioning individuals within the particulars of the administrative complaint suffices to meet the requirements of RSA 354-A:21-a.

In any case, it is unnecessary to decide whether the administrative requirements were met, because no cause of action is available under RSA 354-A against Jesurum and Denney.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 18) is granted.

Counts XII through XIX are dismissed.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

June 12, 2013

cc: Matthew T. Broadhead, Esquire
    Adam Clark, pro se
    Jacob John Brian Marvelley, Esquire
    Paul McEachern, Esquire