```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

George Wilson

    v.                                              Civil No. 13-cv-129-LM
                                                                Opinion No. 2015 DNH 053
Port City Air, Inc.


**O R D E R**

Before the court is Port City's motion for the court to reconsider its order on attorney's fees, document no. 106. According to Port City, the court erred by: (1) awarding Wilson excessive fees for opposing summary judgment; (2) declining to segregate fees Wilson incurred in pursuing his successful retaliation-by-suspension claims from fees he incurred in pursuing other unsuccessful claims when it was, in fact, possible to do so; and (3) giving too much weight to the societal importance of Wilson's two successful claims. Based upon those three asserted errors, Port City asks the court to "reconsider its Order, exclude $9,000.00 from the Lodestar, then downwardly adjust the fee by 90%." Def.'s Mem. of Law (doc. no. 107-1) 2. Wilson objects. For the reasons detailed below, Port City's motion for reconsideration is denied.

## I. Discussion

Port City first asks the court to reduce the award of fees to Wilson for opposing summary judgment. It argues that the

amount of time devoted to that task, 80 hours, was excessive. Indeed, the court did observe that "[t]here [was] a strong argument to be made that 80 hours for drafting an objection to summary judgment is excessive." Order (doc. no. 106) 19.[1] But, contrary to Port's City's assertion, the court did not "identify[ ] the Plaintiff's 80 hours as unreasonable," Def.'s Mem. of Law 3. It did not do so because Port City made no such argument in its objection to Wilson's request for fees. As a result, Wilson had no chance to make any counter argument. In the absence of any argument on this point one way or the other, the court operated on the assumption that Port City had conceded the reasonableness of the number of hours Wilson claimed. Because Port City has identified no authority for the proposition that the court was obligated to give it the benefit of an argument it never made, the court committed no "manifest error of law," L.R. 7.2(d), regarding the fees it awarded Wilson for opposing summary judgment. Accordingly, on this point, Port City's motion to reconsider is denied.

Next, Port City argues that the court erroneously concluded that it, Port City, "had not carried its burden of showing a basis for segregating Wilson's unsuccessful discrimination and

---

[1] See Wilson v. Port City Air, Inc., No. 13-cv-129-LM, 2014 WL 7333016, at *7 (D.N.H. Dec. 19, 2014) (citing Dixon v. Int'l Bhd. of Police Officers, 434 F. Supp. 2d 73, 82 (D. Mass. 2006)).

retaliation claims from his successful retaliation claims." Order (doc. no. 106) 27. While Port City is quite clear about its disagreement with the court's conclusion, it does not identify a "manifest error of fact or law," LR 7.2(d), that resulted in that conclusion.

But, more importantly, as the court made clear in the section of its order devoted to calculating its downward adjustment of the lodestar, the United States Supreme Court has expressly disapproved of the method advocated by Port City, which involves "a mathematical approach [that] compare[s] the total number of issues in the case with those actually prevailed upon." Hensley v. Eckerhart, 461 U.S. 424, 435 n.11 (1983). It is the court's reliance upon Hensley, rather than Port City's failure to establish a basis for segregating fees, that caused the court not to implement the 90% downward adjustment of the lodestar that Port City asked for.

Given this court's rejection of an approach that depends upon segregability of claims, and its reliance upon a balancing test, Port City's ability to segregate claims was irrelevant to the court's calculation of an adjustment to the lodestar. In other words, the downward adjustment of 90% that Port City sought was off the table for reasons independent of the court's determination that Port City could not demonstrate

segregability. Accordingly, as to Port City's second argument, its motion to reconsider is denied.

Finally, Port City argues that the court gave too much weight to the legal right that Wilson vindicated by prevailing on his retaliation-by-suspension claims. Again, Port City has identified neither a manifest error or law or fact that taints the court's ruling on that issue or its calculation of the amount of its downward adjustment of the lodestar. Port City undoubtedly values the right Wilson vindicated less highly than the court does, but it has not shown that the court's determination of that value resulted from either a legal or factual error. So, as with the first two issues, Port City's motion to reconsider is denied.

## II. Conclusion

For the reasons described above, Port City's motion for reconsideration, document no. 107, is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 16, 2015
cc: Matthew T. Broadhead, Esq.
 Jacob John Brian Marvelley, Esq.
 Paul McEachern, Esq.
 Christine M. Rockefeller, Esq.

4